UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

IN RE: DANIEL JOSEPH WIK,

                          Petitioner.

Case # 20-MC-6015-FPG

DECISION AND ORDER

*Pro se* Petitioner Daniel Joseph Wik has filed a Petition for a Writ of Prohibition and/or Mandamus with the Court. ECF No. 1. That application was filed on December 10, 2020, and the filing fee was paid on December 11, 2020, despite Wik's objections to tendering a fee. ECF No. 2. The application seeks to enjoin any proceedings in the case *Estate of William Sharpsteen v. Cinole and Daniel J. Wik*, Index No. 2008-09027 pending before New York State Supreme Court Justice John J. Ark, until Wik is given access to the Fourth Department's Law Library.

This is not the first time that Wik has sought a Writ of Prohibition and/or Mandamus from this Court regarding actions by Justice Ark in the *Sharpsteen* case. Specifically, on September 22, 2015, Wik sought to enjoin enforcement of a different order issued by Justice Ark in that case. This Court denied that application, and explained that it lacked jurisdiction over the matter. *See In re: Daniel Joseph Wik, Petitioner*; W.D.N.Y. Case No. 15-MC-6006-FPG, ECF Nos. 1, 2, 4. Wik sought similar relief on March 28, 20217. Again, the Court denied Wik's application, explaining that it lacked jurisdiction over the matter. *See In re: Daniel Joseph Wik, Petitioner*; W.D.N.Y. Case No. 17-MC-6003-FPG, ECF Nos. 1, 2.

Here, Wik seeks an order from this Court to enjoin the state court proceedings—scheduled for December 16, 2020—until he is able to use the Fourth Department's law library, which has been closed due to the COVID-19 Pandemic. He styles his application as one for a Writ of Mandamus/Prohibition. This relief is not available. Federal district courts only have mandamus authority "to compel an officer or employee of the United States or any agency thereof to perform

1

a duty owed to the plaintiff." 28 U.S.C. § 1361. "[I]t has long been established that lower federal courts do not have jurisdiction to grant mandamus relief against state officials." *Buttermilk v. Brado*, No. 03-CV-6481L, 2004 WL 1529221, at *1 (W.D.N.Y. July 6, 2004); *see Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) (holding that "[t]he federal courts have no general power to compel action by state officials" and that if a petitioner "had expressly sought relief in the nature of mandamus or prohibition [against state officials], we would lack jurisdiction").

To the extent Wik's "Petition" can be construed as a complaint under 42 U.S.C. § 1983 seeking injunctive relief, it must be dismissed with respect to the two individuals to which it is addressed: Justice Ark and Donald W. O'Brien, an attorney in private practice.

First, any claim against Justice Ark must be dismissed because he is absolutely immune from suit for actions taken in his official capacity. Section 1983 was amended in 1996 to extend judicial immunity to claims for injunctive relief: "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Wik makes no allegation that any declaratory decree was violated or declaratory relief was unavailable. *See Markham v. Rosenbaum*, No. 20-CV-6039-FPG, 2020 WL 772367, at *2 (W.D.N.Y. Feb. 18, 2020). Accordingly, this claim is dismissed *sua sponte*. *See Heath v. Justices of Supreme Court*, 550 F. App'x 64, 64 (2d Cir. 2014) (summary order) (affirming *sua sponte* dismissal of complaint as frivolous where claims were barred by absolute judicial immunity); *Preacely v. City of New York*, 622 F. App'x 14, 15 (2d Cir. 2015) (summary order) ("A district court has the inherent authority to dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee."); *Ferrara v. Bello*, No. 19-CV-6917-FPG, 2020 WL 360967, at

*1 (W.D.N.Y. Jan. 22, 2020) (*sua sponte* dismissing claims barred by judicial immunity even where plaintiff had paid the filing fee).

Second, any claim against O'Brien fails because O'Brien is not a state actor. To support a federal claim for deprivation of a constitutional right under 42 U.S.C. § 1983, "the conduct at issue must have been committed by a person acting under color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). "It is well-established that as a matter of law a private attorney is not a state actor." *Agron v. Douglas W. Dunham, Esq & Assocs.*, No. 02 CIV. 10071 (LAP), 2004 WL 691682, at *3 (S.D.N.Y. Mar. 31, 2004). Wik has not set forth any allegations to the contrary. Accordingly, this claim is also dismissed *sua sponte. See Fernando v. Kristensen*, No. 20-cv-4930 (BMC) (SMG), 2020 U.S. Dist. LEXIS 192444, at *4 (E.D.N.Y. Oct. 16, 2020) (dismissing claim even though filing fee had been paid because "[f]or a § 1983 claim, *sua sponte* dismissal "is not inappropriate" when "there is no conceivable basis to find that the defendant was a state actor") (quoting *Shorter v. Rice*, No. 12–CV–0111 (JFB)(ETB), 2012 WL 1340088, at *5 (E.D.N.Y. Apr. 10, 2012)).

For the reasons stated above, Wik cannot obtain the relief he seeks nor can he seek secure relief from whom he seeks it. Accordingly, his Petition for a Writ of Prohibition and/or Mandamus, ECF No. 1, is DENIED. The Clerk of Court is directed to close this matter.

IT IS SO ORDERED.

DATED:   Rochester, New York
         December 14, 2020

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court